IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID LEE WILSON, #1648044 | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv820 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner currently confined in the Jester III Unit in Richmond, Texas, brings this *pro se* petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law, and recommendations for disposition of the case.

Background

Petitioner is complaining about a conviction from Lamar County. In Lamar County Cause Number 23557, Petitioner pleaded guilty to sexually assaulting a child. He was sentenced to twenty years' confinement. He states that he did not file a direct appeal or a petition for discretionary review. He states that he filed a state writ application for habeas corpus on July 29, 2011, which the Court of Criminal Appeals dismissed on September 21, 2011. Petitioner claims that he is entitled to relief in the instant federal writ because he was denied effective assistance of counsel, his guilty plea was not knowing and voluntary, and he is actually innocent.

Exhaustion of State Remedies

A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to

1

protect the prisoner's rights. 28 U.S.C. § 2254(b), ( c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). It should be noted that a federal habeas corpus petitioner fails to exhaust his state remedies when he relies on a different legal theory than that presented in state court, or when he makes the same legal claim to a federal court, but supports the claim with factual allegations that he did not present to the state courts. *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1987).

In the present case, Petitioner has not exhausted his habeas corpus remedies. While he filed an application for writ of habeas corpus in state court, the writ was dismissed. When the CCA dismissed – rather than denied – his state writ, it did so based on a procedural matter. It did not consider the merits of Petitioner's state writ. The Supreme Court held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed.2d 213 (2000). It counseled that these rules govern "for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id*; *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004). The Fifth Circuit interprets the words "properly filed" narrowly. *Lookingbill v. Cockrell*, 293 F.3d 256, 160 (5th Cir. 2002).

Here, Petitioner's state application for writ of habeas corpus was dismissed. The Court of Criminal Appeals did not consider the merits of Petitioner's application because it failed to comply with the rules. Thus, his state writ petition was not "properly filed." *Artuz*, 531 U.S. at 8; *Larry*, 361 F.3d at 895 (application erroneously accepted by the clerk of a court will be *pending*, but not

*properly filed* if filing prerequisites are not met). Petitioner may not file a habeas petition in this Court until the Court of Criminal Appeals of Texas has rendered a decision on the merits of the same issues presented in federal court. The Court of Criminal Appeals did not consider the merits of Petitioner's state writ; consequently, the petition should be dismissed for failure to exhaust.

Recommendation

It is recommended that the above-styled petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 1st day of June, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE